Joseph A. Salazar, Jr.
Lewis Brisbois
2020 West El Camino Avenue
Suite 700
Sacramento, CA 95833
TEL: 916-646-8201
E-MAIL: Joe.Salazar@lewisbrisbois.com

*Local Counsel for Defendant*
*General Information Solutions LLC*

John G. Papianou (admitted *pro hac vice*)
Alexandra S. Jacobs (admitted *pro hac vice*)
Erin A. Novak (admitted *pro hac vice*)
Montgomery, McCracken, Walker
  & Rhoads, LLP
123 S. Broad St.
Philadelphia, PA 19109
TEL: 215.772.7510
E-MAIL:     jpapianou@mmwr.com
                 ajacobs@mmwr.com
                 enovak@mmwr.com

*Counsel for Defendant*
*General Information Solutions LLC*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO

| | |
|---|---|
| ROBERT G. SMITH<br>                    Plaintiff,<br><br>        v.<br><br>GENERAL INFORMATION SERVICES,<br>INC.<br>                    Defendant. | Case No. 1:17-cv-00542-DAD-SAB<br><br>ORDER RE STIPULATION FOR<br>DISCOVERY PROTECTIVE<br>ORDER<br><br>(ECF No. 21) |

Plaintiff Robert G. Smith and Defendant General Information Solutions LLC (collectively, the "Parties"), hereby stipulate and agree, pursuant to Federal Rule of Civil Procedure 26(c) and Local Rules of Civil Procedure 141.1 and 143 that the terms of this Stipulated Discovery Protective Order (hereafter "Order") as set forth hereafter

1

shall govern the confidential treatment of information produced in the discovery process of the above-captioned action and the treatment of inadvertently produced information and documents. In support thereof, the parties state as follows:

1.     This Order shall govern all documents produced within the context of this litigation and is designed to protect personal, financial, tax, and other proprietary information that the Parties have an interest in keeping confidential.

2.     "Document" as used herein shall have the broadest possible meaning and shall  include, without limitation;

   a.     "writings," "recordings," "photographs," and "duplicates" as defined in

   b.     Rule 1001 of the Federal Rules of Evidence;

   c.     any and all tangible things upon which any handwriting, typing, printing,

   d.     drawing, representation, photostatic copy, magnetic or electrical impulse, or other form of communication is recorded or produced;

   e.     floppy disks, hard disks, magnetic tape, and/or computer memory;

   f.     written discovery responses and the contents thereof, including, without

   g.     limitation, responses to interrogatories, requests for admission, and document requests;

   h.     deposition transcripts and their contents; and

   i.     any physical means or medium of recording or storing information.

3.     As used herein, the term "counsel of record" shall mean the attorneys of record in this proceeding, their partners and associates, clerks, assistants, and other persons employed by such attorneys, all of whom shall be bound by the provisions of this Order.

4. As used herein, the term "person" shall mean, in the plural as well as in the singular, any individual, corporation, firm, association, partnership, business, trust, governmental body, or any other legal or business entity, unless specified to the contrary by this Order.

5. As used herein, the term "Party" shall mean, in the plural as well as the singular, any named plaintiff or defendant in this action, and shall include its present members, directors, officers, and/or employees.

6. In connection with discovery proceedings in this action, any Party to this action (hereinafter the "Designating Party") shall have the right to designate any document, thing, material, testimony, or other information derived therefrom, as confidential under the terms of this Order.

7. Confidential information is information which has not been made public and which concerns or relates to the employment records, financial records, tax records, processes, policies, procedures, operations, purchases, amount or source of any income, profits, losses, or expenditures of any persons, firm, partnership, corporation or other organization, the disclosure of which information may have the effect of invading the privacy or causing harm to the competitive position of the person, firm, partnership, corporation, or to the organization from which the information was obtained. In this case, the information sought to be used under this protective order concerns confidential tax records, bank statements and wage records of Plaintiff and Defendant's proprietary information, such as its policies and procedures related to compiling and preparing consumer reports, its policies and procedures related to consumer disputes and disclosures, its methodology for obtaining, analyzing and assessing public records information, its agreements with users of its reports, its agreements with its vendors or sources of consumer information and its financial records. This information needs to be protected as it contains information which could be used by a competitor to hurt Defendant (for

example, financial stability of the company, vendors used, policies and procedures employed to prepare consumer reports and prices paid for competitive goods, etc.) and confidential employee information. Confidential information does not include any document that is generally available to the public, nor does it include any document that has previously been disclosed to third parties without being designated as "Confidential." By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rules of Civil Procedure, Rule 26.

8.     All documents designated confidential pursuant to this Order shall remain confidential until the Court declares that the designated material is not subject to the protection of this Order.

9.     As used herein, the term "Confidential Material" shall refer to:

a.     Any documents (including any portions thereof and any information contained therein) designated to be confidential by any Party which has had stamped or affixed thereon the word "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the Designating Party;

b.     All deposition testimony, including oral testimony, deposition transcripts and the information contained therein, shall initially be treated as Confidential Material and be included within the terms of this Order without the necessity of designating the testimony as "Confidential Material." Upon transcription of the deposition, counsel shall have 30 days after receipt of the transcript to notify the deposition reporter and other counsel of record in writing that certain portions of the transcript are designated as confidential. Depositing

the written notice in the United States mail within such 30 days shall be deemed timely compliance with this requirement. All other portions, or the entire transcript if no designations made, shall not be confidential and shall not be within the terms of this Order. Alternatively, and in addition to the above method, deposition testimony may be designated as "Confidential Material" during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter as the Designating Party directed; and

c.      "Confidential Material" does not include any information or documents obtained or produced by a third party outside the context of discovery in this litigation. However, nothing in this Order shall affect the rights of either Party to enforce any rights it may have regarding the confidentiality of documents and other information disclosed or transferred to another party or person prior to the institution of the present litigation.

10.     "Confidential Material" shall be disclosed only to:

a.      The Court and its officers in this litigation;

b.      Any Party, or an officer, director, or employee of a Party to the extent deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

c.      Experts and/or consultants (together with their clerical staff) retained by counsel of record on behalf of the Parties;

d.      Counsel of record and the respective personnel of the law firms as set forth in paragraph 3;

e.      Court reporter(s) employed in this action; and

f.      Any other person(s) as to whom the Parties agree pursuant to paragraph 11.

11.    If counsel for any Party should conclude that, for the purpose of this action, such Party needs to disclose any Confidential Material or information derived therefrom, to any person not described in paragraph 10 of this Order, counsel for such Party must request permission from counsel for the Designating Party in writing and state the purpose of the disclosure.  If the Designating Party objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon motion and for good cause shown, orders otherwise.  However, each Party may disclose its own Confidential Material without regard to this Order unless otherwise under an existing duty to another person not to do so.  Disclosure by a Party of that Party's own Confidential Material will not, under any circumstances, constitute a waiver or a breach of this Order.

12.    Confidential Material shall be treated as confidential by all persons to whom such information may be disclosed and shall be sued by all such persons solely for the prosecution, defense, or settlement of the claims at issue in this action.

13.    Any person to whom the Confidential Material may be shown pursuant to paragraphs 10(b), (c), or (f), or paragraph 11 shall first be supplied a copy of this Order and shall agree in writing to be bound by its terms by signing a certification on a copy of this order, which states:

> I certify that I have received and read a copy of the Protective Order entered in the case captioned Robert G. Smith v. General Information Services, Inc. et al. and I agree to be bound by the Order.  I understand that information designated as confidential or protected in this case, and any information derived from it, may not be used, copied or disclosed by me to anyone else except in accordance with the terms of the Protective Order and then only assist in the prosecution or defense of this case.

The law firm obtaining the person's signature on the Order will retain the original signed copy of the signed certification.

14.    If a Party objects as to a producing person's determination that material marked as "CONFIDENTIAL" by the producing person falls within the type of material described by Paragraph 9 above, the objecting Party may bring a motion before the Court to contest the designation of such material as "CONFIDENTIAL." The Parties agree that before seeking any relief from the Court under this paragraph, they will make a good faith effort to resolve any disputes concerning the confidential treatment of any such material.

15.    Upon final termination of this action, each Party shall, at the option of the Party designating the information as "CONFIDENTIAL," (1) promptly assemble and return all Confidential Material including all copies thereof, to the Designating Party or to such other Party which produced the Confidential Material in this action; or (2) promptly destroy all Confidential Material and certify in writing that all Confidential Material, including all copies thereof, has been destroyed.

16.    In the event that a party seeks to file materials that have been designated "CONFIDENTIAL" by another party or individual, the filing party shall provisionally file the materials under seal in accordance with Local Civil Rule 141, with notice served on the party or individual who desires to maintain the materials under seal. Either party wishing to file any document under seal must first present a motion to seal.  The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

a.    the exact document or item, or portions thereof, for which filing under seal is requested;

b.     how such request to seal overcomes the common law or the First Amendment presumption to access;

c.     the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

d.     the reasons why alternatives to sealing are inadequate; and

e.     whether there is consent to the motion.

In addition to the motion and supporting memorandum, the filing party must set out such findings in a proposed order to seal.

17.     This Order does not constitute a waiver of any Party's rights to object to discovery on any grounds, except the ground that the information sought contains information in which a Party has a privacy right.  Nor does this Order constitute any admission by any Party that any information that it or any opponent designates as Confidential Material is, in fact, information in which a Party has a privacy right.

18.     This Order is not intended to govern the use of Confidential Material at any hearing or trial of this action. Questions of the protection of such material during any hearing or trial will be presented to the Court prior to or during the hearing or trial as each Party deems appropriate.

19.     If another court or administrative agency subpoenas or orders production of Confidential Material that a Party has obtained under the terms of this Order, such Party shall promptly notify the designating Party of the pending subpoena or order and shall not produce the Confidential Material until the Designating Party has had reasonable time to object or otherwise to take appropriate steps to protect the material.

20.     This Order shall not prevent any of the Parties from moving the Court for an order that Confidential Material may be disclosed other than in accordance with this Order. This Order is without prejudice to the right of any Party to seek modification of it from the Court.  It shall remain in effect until such time as it is modified, amended, or rescinded by the Court.  If applicable, the Court shall have

continuing jurisdiction to modify, amend, or rescind this Order notwithstanding the termination of this action.

21.    The Parties agree to submit this Stipulation to the Court for entry of a Protective Order by the Court.  Prior to the execution and entry of the Protective Order by the Court, the Parties agree to abide by its terms as if fully executed and entered by the Court, and this Order, prior to execution and entry by the Court, shall constitute a fully binding agreement of the Parties.

22.    In adopting the Parties' agreement, the Court's corresponding Order does not operate to conflict with the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence, including F.R.E. 502 and/or any applicable local rules.   The Judge's corresponding Order indicates the Court's approval of the Parties' agreement and provides a mechanism for enforcing it.

IT IS SO ORDERED.

Dated:   __**March 8, 2018**__                           _____

UNITED STATES MAGISTRATE JUDGE

DATED:  February 28, 2018

DHF Law, P.C.


/s/  Devin H. Fok
Devin H. Fok, Esq.
234 E. Colorado, Blvd. 8th Fl.
Pasadena, CA 91101
TEL: 888-651-6411
E-MAIL: devin@devinfoklaw.com

*Counsel for Plaintiff*
*ROBERT SMITH*


Montgomery, McCracken, Walker & Rhoads, LLP


/s/ Erin A. Novak
John G. Papianou (admitted *pro hac vice*)
Alexandra S. Jacobs (admitted *pro hac vice*)
Erin A. Novak (admitted *pro hac vice*)
123 S. Broad St.
Philadelphia, PA 19109
TEL: 215.772.7510
E-MAIL:     jpapianou@mmwr.com
            ajacobs@mmwr.com
            enovak@mmwr.com

*Counsel for Defendant*
*GENERAL INFORMATION SOLUTIONS LLC*

# **<u>ORDER</u>**

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1.     The protective order is entered;

2.     The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141; and

3.     The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion. <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-78 (9th Cir. 2009).