Devin H. Fok (SBN 256599)
**DHF LAW, P.C.**
16 N. Marengo Ave., Suite 403
Pasadena, CA 91101
Telephone: (310) 430-9933
Facsimile: (818) 484-2023
devin@devinfoklaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT G. SMITH, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> GENERAL INFORMATION SERVICES, INC.; and DOES 1-10 inclusive, <br><br> Defendants. | Case No.: 1:17-CV-00542-DAD-SAB <br><br> **DECLARATION OF DEVIN H. FOK IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS** <br><br> Judge: Hon. Dale A. Drozd <br><br> Hearing Date: January 8, 2019 <br> Time: 9:30 a.m. <br> Location: Robert E. Coyle United States Courthouse, Courtroom 5 |

## DECLARATION OF DEVIN H. FOK IN SUPPORT

I, DEVIN H. FOK, declare:

1. I am counsel of record for Plaintiff Robert G. Smith ("Plaintiff"). I make this Declaration in support of Plaintiffs' Motion for Attorney's Fees and Costs. I am over 21 years of age, of sound mind, capable of executing this Declaration, and have personal knowledge of the facts stated herein, and they are all true and correct.

//
//
//

## **EXPERIENCE AND QUALIFICATIONS**

2. I am the owner and proprietor of DHF Law, P.C., and I am a graduate of the University of California Los Angeles School of Law. I have been a practicing attorney for more than 10 years.

3. My practice relates exclusively to background check issues including violations arising out of: 1) the Fair Credit Reporting Act ("FCRA" 15 U.S.C. § 1681 *et seq.*); 2) its California state equivalent, the California Investigative Consumer Reporting Agencies Act ("ICRAA" Cal. Civ. C. § 1786 *et seq.*); 3) the California Consumer Credit Reporting Agencies Act ("CCRAA" Cal. Civ. C. §1785.2 *et seq.*)); and 4) California Labor Code.

4. I am an attorney in good standing with the California State Bar and have been admitted to practice in the Supreme Court of California as well as various federal courts including the United States District Courts in the Northern, Central, and Southern Districts as well as the Ninth Circuit Court of Appeals.

5. Following my graduation from Law School in 2007, I was hired as an associate at Girardi & Keese, one of the most prestigious consumer law firms in Southern California. I litigated many plaintiff-side individual actions to resolution with an extremely high success rate. I started my current practice in 2011 prosecuting exclusive FCRA individual and class actions. My office currently represents consumers across the country in with numerous pending individual and class actions for violations of the FCRA and/or ICRAA as well as additional class cases that have yet to be filed and/or resolved.

6. I have extensive litigation experience. For example, I was appointed as class counsel in *Roe v. Intellicorp Records, Inc.*, Case No. 1:12-CV-02288-JG (N.D. Ohio 2012) and was part of a team that litigated the action. After motion for class certification was filed and heard and on the eve of the Court's decision, the action

was settled for $18.6 million which represented one of the largest class action settlements in the history of the FCRA.

7. I was counsel in *Dowell v. General Information Services, Inc.,* 2:14-cv-03412-PBT (E.D. Pa 2012), subsequently consolidated with *King v. General Information Services, Inc.*; 2:10-cv-06850-PBT where final class approval has been granted and my attorney's fees approved.

8. In *Smith v. Harbor Freight Tools USA, Inc.*, Case No. 2:13-cv-06262-JFW (C.D. Ca 2013), I was approved as class-counsel in an action involving the employer's failure to provide pre-adverse action notice under §1681b(b)(3) as well as defective notification forms under §1681b(b)(2) where the case was ultimately resolved in a class-wide basis.

9. In *Watkins v. HireRight, Inc.*, Case No. 3:13-cv-01432-MMA-BLM (C.D. Ca 2013), I was one of the class counsels in a class action against the second largest background check company in the country for its role in adjudicating consumers as ineligible for employment on grounds that violated state equal employment opportunity rules and regulations as well as its failure to provide consumers with full file disclosures as required under 15 U.S.C. §1681g. The case was resolved following the filing of class certification motions. Final approval was granted in 2016.

10. I am also one of the lead trial attorneys in *Moran v. The Screening Pros, LLC.,* No. 12-57246 (9th Cir.), a case in which the Consumer Financial Protection Bureau ("CFPB") joined by the Federal Trade Commission ("FTC") submitted amicus curiae brief relating to an issue of first impression under the FCRA. Under 15 U.S.C. §1681c(a)(5), any adverse items of information, other than records of convictions of crimes which antedates the report by more than 7 years cannot be reported. The issue was whether the reporting period can be lengthened following a

positive event such as the dismissal of a criminal charge. The action is currently pending in the 9th Circuit.

11. In 2017, Judge George C. Smith of the Eastern District of Ohio granted final approval of a $15 million class action settlement in *Rubio-Delgado/Moore v. Aerotek, Inc.*, No. 13-cv-03105-SC in which I was appointed as class counsel. It was one of the largest class action settlements ever reached for claims involving employers' failure to provide adequate disclosures and failure to provide consumers with a copy of the report before taking adverse action in violation of the FCRA.

12. I have also actively worked with the U.S. Office of Federal Contract Compliance Programs ("OFCCP") along with the United States Equal Employment Opportunity Commission ("EEOC") to investigate and prosecute Title VII violations in connection with the denial and termination of employment to consumers with criminal records.

13. I have spoken in numerous professional contexts on legal issues relating to employment background checks, including the following topics: 1) EEOC enforcement guidance on the consideration of arrest and conviction records in employment decisions under Title VII of the Civil Rights Act; 2) California's restriction on the use of credit reports by employers; and 3) employer compliance requirements for the procurement and use of background check reports.  I have presented in front of the California Orange County Bar Association Labor and Employment Section and I also presented to numerous California non-profits at the 2012 Annual Reentry Legal Symposium.

14. Lastly, I have also been included in the Rising Stars list by the Super Lawyer magazine for the work that I have done in the area of the FCRA as well as the ICRAA and CCRAA in the last four years beginning in 2015 through 2018.

15. In 2017, I was also included in the Top 40 under 40 for Plaintiff's practice in the National Trial Lawyers association.

## **THE COSTS AND HOURLY RATES ARE REASONABLE**

16. I was the sole attorney responsible for the prosecution of this action. This was a contingency fee action where I would have no recourse against the client unless recovery is obtained. I have incurred more than $40,264.29 in costs to date. However, pursuant to the terms of the Rule 68 offer attached hereto as Exhibit 1, I am only seeking recovery of costs and attorney's incurred as of the date of the offer on September 14, 2018.

17. As of September 14, 2018, the total costs incurred were $31,658.50. Of this amount, $20,925.00 was attributable to expert fees for Mr. Tom Lawson. $4,126.15 is attributable to expert deposition fees for Defendant's employees Ms. Hazel Connor, Poly Davis, and Jamie Pelchat. $2,564.5 is attributable to Plaintiff's obligation for the unsuccessful mediation of this case including $2,062.50 in mediator fees, $487.00 for room fees, and $15 for parking. As fully set forth in Exhibit 2 of this declaration, the balance of the costs are attributable to travel costs to various out of state depositions in South Carolina and Ohio as well as to the court-mandated settlement conference in Fresno, California. *See Jones. v. County of Sacramento*, 2011 U.S.Dist.LEXIS 89 *48-49 ("…the court finds that in this district attorney travel time has customarily been compensated at an attorney's normal hourly rate.") (Internal citations omitted).

18. I have also billed 317.8 hours as of September 14, 2018. I have spent more than 50 additional hours after September 14, 2018 that I am not seeking reimbursement. They include the hours traveling to Cleveland Ohio to take Defendant's expert Mr. Jason Morris deposition; the taking of his deposition; and the preparation and defense of Plaintiff's expert Mr. Tom Lawson's deposition.

19. A detailed accounting of my hours is attached hereto as Exhibit 3.

20. As fully set forth in Plaintiff's Motion for Attorney's Fees and Costs filed concurrently herewith, I respectfully request this Court award me $158,778.50 which represents 317.8 hours at $400 per hour as well as costs in the amount of $31,658.50.

**AUTHENTICATION OF EXHIBITS**

21. Attached hereto as Exhibit 1 is a true and correct copy of the Signed Rule 68 Offer.

22. Attached hereto as Exhibit 2 is a true and correct copy of a detailed accounting of my costs.

23. Attached hereto as Exhibit 3 is a true and correct copy of a detailed accounting of the hours I spent in this case.

24. Attached hereto as Exhibit 4 is a true and correct copy of the email Ms. Stephanie Morgan, Deputy General Counsel, sent to me on February 16, 2017.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed November 26, 2018 at Pasadena, California.

                                                          /s/ Devin H. Fok\
                                                        Declarant, Devin H. Fok